HARRY HAMILTON, Appellant, v. JOHN YOUNG, Appellee.

**HIGHWAYS: Law of Road—Automobiles—Duty of Driver to Turn to Right—Negligence.** It is the duty of an automobile driver, in meeting with another automobile, to turn to the right, if he can, and his failure in this respect is negligence.

*Appeal from Cedar District Court.*—JOHN T. MOFFIT, Judge.

APRIL 14, 1919.

ACTION for damages caused by an automobile collision. Judgment was entered for the defendant for costs, upon a directed verdict in his favor. Plaintiff appeals.— *Reversed.*

*C. J. Lynch,* for appellant.

*J. C. France,* for appellee.

STEVENS, J.—This is an action for damages to plaintiff's automobile, caused by a collision with defendant's automobile. The accident occurred about 5 o'clock P. M., September 16, 1916, on an east and west highway, near and a

short distance east of its intersection with a north and south highway. According to the testimony of plaintiff, he approached the east and west highway from the north, at a speed of about 25 miles per hour, until immediately before turning the corner to go east, when he reduced his speed to 10 miles per hour. Defendant was proceeding west on the east and west highway, and was approaching the intersection near which the collision occurred. The view of the highways was obstructed by a field of corn, so that neither party saw the other, until plaintiff's car reached the east and west highway. Plaintiff testified that, when he first saw defendant, he was 40 or 50 feet east of the corner, traveling about 25 miles per hour; whereas defendant testified that he was traveling about 15 miles per hour, and that, when he first saw plaintiff's car, it was coming around the corner about 30 feet away. The beaten path from the north and south road into the east and west highway is apparently too close to the corner to permit cars to pass. The center of the intersection consists of a grass plot, and plaintiff claims that there is a mound, about two feet high, and numerous gopher mounds in that vicinity, making it impracticable, if not dangerous, for cars to travel around the center of the intersection. It is also conceded that the travel from the east is close to the corner, and that cars do not pass around the center of the intersection, as required by Section 1571-m18 of the Code Supplement, 1913. Other testimony was offered, tending to show that it was impracticable for cars to go around the center of the intersection.

There is considerable dispute in the evidence as to what occurred immediately before the collision. According to plaintiff's testimony, the front end of his car was about 26 feet east of the corner, and all of it, except the left hind wheel, outside and south of the traveled portion of the highway, at the time of the collision; whereas defendant claims that the collision occurred near the center thereof. Testi-

mony was also offered, tending to show that the traveled portion of the highway extended 25 or 30 feet north of the left side of plaintiff's car at the place of the accident. Defendant claims, however, that the rear end of plaintiff's car was not more than 2 feet east of the east line of the north and south highway. It is also conceded that, when within a few feet of plaintiff's car, defendant's car was turned toward the southwest, some of the witnesses testifying, for a distance of from 4 to 4½ feet. The left front wheel of defendant's car struck plaintiff's car, and there was some evidence tending to show that the front door thereof collided with the left lamp of defendant's car.

The principal question presented on this appeal is whether, viewed in its most favorable light, the issue of defendant's alleged negligence should have been submitted to the jury. The law prescribing the rights and duties of both plaintiff and defendant in the use of the highway is too familiar and well understood to require discussion. It was clearly the duty of the defendant to turn to the right if he could have done so—failure to do which would amount to negligence. Whether, had he done so, the collision would have been avoided, was a question of fact for the jury. Instead of turning to the right, he turned to the left. The jury could have found, from the evidence, that plaintiff crossed the entire width of the traveled portion of the highway to the south, and had proceeded at least 10 feet east, at the time of the collision. It is true that a very short time elapsed after the parties came into view of each other, before the collision occurred, but we think there was sufficient evidence of negligence upon the part of the defendant to require the submission of that question to the jury. Plaintiff followed the usual traveled portion of the highway, in passing the corner from the north and south into the east and west highway, and plaintiff's testimony that it was impracticable for cars to travel around the center of the intersec-

tion was, to some extent, corroborated by the testimony of other witnesses. On the merits of the controversy we express no opinion, and hold only that the court erred in sustaining defendant's motion for a directed verdict. On the question of defendant's negligence, reasonable minds, searching for the truth, might differ. Other questions argued relate to the admission of certain testimony offered by defendant, and objected to by plaintiff; but, in view of a possible retrial, where the same may not again arise, nothing can be gained by a discussion of these matters.

After a careful examination of the record, we are convinced that defendant's motion for a directed verdict should have been overruled, and for this reason, the judgment of the court below is—*Reversed.*

LADD, C. J., GAYNOR and PRESTON, JJ., concur.